IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ESTATE OF COLEMAN SAMPLE, ) | |
| ) | |
| by ) | |
| ) | |
| LAURIE LATHAM, ) | Civil Action No. 2:23-cv-00411 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VIRGINIA STATE POLICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE VIRGINIA STATE POLICE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendant the Virginia Department of State Police ("State Police"), by counsel, submits this memorandum of law in support of its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully requests this Court to dismiss Plaintiff's Complaint.

As an initial matter, the Estate of Coleman Sample is not an entity capable of maintaining this action alleging that his death was caused by the wrongful acts of the Defendants. Even if it were, Plaintiff's claims seeking monetary damages against the State Police are barred by the doctrine of sovereign immunity. Furthermore, Plaintiff has failed to state a claim against the State Police for either federal or state constitutional violations. Accordingly, the State Police should be dismissed from this action with prejudice and Plaintiff's Complaint should be dismissed.

I.   **STATEMENT**

Plaintiff, the Estate of Coleman Sample, by Laurie Latham, alleges that decedent Coleman Sample ("Sample") led Virginia State Police Troopers, Defendants Adam Turner and Larry Holmes, on a high-speed chase through a highway and into a residential area. Compl. ¶¶ 5–6 (the Complaint is found at ECF No. 1-1). A physical struggle between these troopers and Sample followed. *Id.* ¶ 10.  Sample was armed with a gun. *Id.* Plaintiff alleges that "multiple shots were fired" resulting in "bullets going into surrounding structures." *Id.* ¶ 9.  Tellingly, Plaintiff neglects to allege who fired these shots. *See id.*  This struggle allegedly ended with the troopers somehow shooting Sample in the head with Sample's own hand, arm and gun. *Id.* ¶ 10.

Although not clearly delineated, the Complaint appears to assert two causes of action. First, a claim that the Defendants "violated Coleman Sample's constitutional right to be safe from unreasonable search and seizure and/or excessive force by a police actor." *Id.* Second, a state law tort claim alleging that the Defendants were careless, negligent, grossly negligent, reckless and intentional in their actions. *Id.* ¶¶ 8–9. Plaintiff seeks $750,000.00 in damages from the Defendants, jointly and severally, prejudgment interest, costs, and punitive damages. ECF No. 1-1 at 6.

II.  **LEGAL STANDARD**

A. **Federal Rule of Civil Procedure 12(b)(1)**

"Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003).  "Although somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Chien v. Motz*, No. 3:18-cv-106, 2019 U.S. Dist. LEXIS 14541, at *18-19

(E.D. Va. Jan. 7, 2019).  On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that jurisdiction is proper.  *Richmond, Fredericksburg & Potomac, R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Id.*  "A district court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"  *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Itn'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

    B.  **Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is plausible rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555.

3

### III.   ARGUMENT

#### A.   Plaintiff's claims under state law are barred by state sovereign immunity.

The State Police is protected by state sovereign immunity. "Absent an express statutory or constitutional provision waiving sovereign immunity, the Commonwealth [of Virginia] and its agencies are immune from liability for the tortious acts or omissions of their agents and employees." *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 244, 591 S.E.2d 76, 78 (2004). The Virginia Tort Claims Act ("VTCA") constitutes a limited waiver of suits against the Commonwealth of Virginia itself, under prescribed circumstances. *See* Va. Code § 8.01-195.1 through -195.9.  However, neither the VTCA nor any other provision of Virginia law has waived the sovereign immunity of state agencies. *Rector & Visitors of the Univ. of Va.*, 267 Va. 242 at 245, 591 S.E.2d at 78.

The State Police is an agency of the Commonwealth of Virginia. *See* Va. Code § 52-1 (establishing the Department of State Police as "a separate department"); § 8.01-195.2 (defining "agency" to include "any department…of the government of the Commonwealth of Virginia."). Therefore, the State Police is immune from this action which seeks to hold it liable for the allegedly tortious acts or omissions of its employees.

Under Fourth Circuit precedent, "a state's removal of a suit to federal court waives sovereign immunity only if the state has consented to suit in its own courts." *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020).  Such a waiver would require an "explicit and express waiver." *Passaro v. Virginia*, 935 F.3d 243, 249 (4th Cir. 2019).  Because Virginia courts are clear that there has been no waiver of state sovereign immunity for tort claims in Virginia courts against state agencies, the State Police maintains its sovereign immunity in this removed action. *See Rector & Visitors of the Univ. of Va.*, 267 Va. 242 at 245, 591 S.E.2d at 78.

For these reasons, Defendant Virginia Department of State Police should be dismissed from this action pursuant to Rule 12(b)(1).

**B. Plaintiff has failed to state a claim upon which relief can be granted.**

### i. The Estate of Coleman Sample cannot sue under Virginia law.

Under Virginia law, "whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation," the cause of action against the liable person or corporation survives the decedent's death. Va. Code § 8.01-50(A). Such a suit, however, must be brought "by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C); *Granados v. Unknown*, No. 1:21cv948 (CMH/IDD), 2021 U.S. Dist. LEXIS 209399, at *4 (E.D. Va. Oct. 1, 2021). The Complaint is brought in the name of the "Estate of Coleman Sample, by Laurie Latham." Compl. caption. Because this is an action alleging that the Defendants wrongfully caused the death of Coleman Sample, Compl. ¶ 10, the "Estate of Coleman Sample" is not an entity capable of bringing suit under these facts, and has no right of action to bring a suit. Va. Code § 8.01-50(C). For this reason, the Complaint should be dismissed pursuant to Rule 12(b)(6).

### ii. The State Police is not a proper party to a § 1983 action.

The State Police cannot be named in a Section 1983 action alleging violations of constitutional rights. Section 1983 provides a cause of action against a "person." 42 U.S.C. § 1983. The Supreme Court has clearly held that a department of state police is not a "person" under the meaning of § 1983, and therefore § 1983 creates no cause of action against such a department. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309 (1989).

Accordingly, Plaintiff's claims against the State Police for violations of the federal constitution should dismissed pursuant to Rule 12(b)(6).

### iii. Plaintiff has no cause of action under the Virginia Constitution.

To the extent the Complaint asserts a claim that the Defendants violated Sample's rights under the Virginia Constitution, Compl. ¶ 10, it fails to state any claim against the State Police. First, Plaintiff fails to state a cause of action that Sample's constitutional right to be free from unreasonable search was violated. Compl. ¶ 10. This claim fails as a matter of law as the Complaint contains no facts to support that the Defendants conducted any search of Sample.

As to the claim that Sample was seized and subjected to excessive force, Article I § 11 of the Virginia Constitution does provide, among other things, that "no person shall be deprived of his life, liberty, or property without due process of law." This, however, does not provide Plaintiff with a cause of action to sue for a violation of this constitutional provision.

"[I]n order to enforce a private right of action under the Virginia Constitution, the constitutional provision in question must be self-executing." *Gray v. Rhoads*, 55 Va. Cir. 362, 366 (Cir. Ct. 2001) (citing *Robb v. Shockoe Slip Foundation*, 228 Va. 678, 324 S.E.2d 674 (1985)). Critically, however, "only the provisions of Section 11 'governing the taking or damaging of private property for public use have been held to be self-executing.'" *Chandler v. Routin*, 63 Va. Cir. 139, 141 (Norfolk Cir. Ct. 2003) (quoting *Young v. City of Norfolk*, 62 Va. Cir. 307, 312 (Norfolk Cir. Ct. 2003)); *see also Quigley v. McCabe*, No. 2:17-cv-70, 2017 U.S. Dist. LEXIS 141408, at *15 (E.D. Va. Aug. 30, 2017); *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 728 (E.D. Va. 2015); *Ellis v. Kennedy,* No. CL19-03, 2020 Va. Cir. LEXIS 244, at *33 (Loudoun Cnty. Cir. Ct. May 22, 2020) ("Article I, § 11 . . . is only self-executing regarding the takings clause."); *Gray*, 55 Va. Cir. at 367-68. "The reason" for this distinction "is obvious;

6

[Article I, § 11] expressly provides a remedy for takings of property . . . If the drafters had intended to provide similar rights and remedies for deprivation of life and liberty, they could have done so by including such language in that provision. They did not." *Gray*, 55 Va. Cir. at 368.

Plaintiff therefore cannot bring a claim under the Virginia Constitution for alleged violations of Sample's right to be free from unreasonable search and seizure and/or excessive force. Accordingly, all such claims should be dismissed pursuant to Rule 12(b)(1).

### IV.   CONCLUSION

For the foregoing reasons, Defendant Virginia Department of State Police should be dismissed from this action with prejudice pursuant Rules 12(b)(1) and 12(b)(6).

Dated: August 18, 2023                     Respectfully submitted,

**VIRGINIA DEPARTMENT OF STATE POLICE**

By:   /s/ *R. Cooper Vaughan*

| | |
|---|---|
| Jason S. Miyares<br>*Attorney General of Virginia*<br><br>Steven G. Popps<br>*Deputy Attorney General*<br><br>Jacqueline C. Hedblom<br>*Trial Section Chief*<br>*Senior Assistant Attorney General* | R. Cooper Vaughan (VSB No. 92580)*<br>Christopher P. Bernhardt (VSB No. 80113)*<br>Assistant Attorneys General<br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>Telephone: (804) 786-5315<br>Facsimile:  (804) 371-2087<br>CVaughan@oag.state.va.us<br>CBernhardt@oag.state.va.us<br>*\*Counsel of Record for the Virgnia Department of State Police* |

## CERTIFICATE

I hereby certify that on August 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan (VSB No. 92580)
Assistant Attorney General
