IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **ESTATE OF COLEMAN SAMPLE,** by **LAURIE J. LATHAM,**                     **Plaintiff,**  v.  **VIRGINIA STATE POLICE, ET AL.** | **CIVIL ACTION NO.: 2:23-cv-00411** |

### PLAINTIFF'S RESPONSE TO DEFENDANT LARRY HOLMES' MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff files this response to the 12(b)(6) Motion filed by the Defendant Larry Holmes on September 21, 2023. Plaintiff filed a Motion for Extension of Time to File Responses to Defendant's Motions to Dismiss Under Federal Rule of Civil Procedure 6(b)(1)(B) on October 11, 2023.

Initially, Defense Counsel argues that the Estate of Coleman Sample is not an entity capable of maintaining this action which alleges that his death was caused by the wrongful acts of the Defendants. Assuming this is correct, Laurie Latham as the Administrator of the Estate of Coleman Sample can pursue this wrongful death action due to the gross negligence of the Defendants. Counsel for the Defendants also argues that the Estate of Coleman Sample cannot sue pursuant to Va. Code § 8.01-50(C). Upon further review, Counsel for Plaintiff agrees with

1

this argument as to this party only. However, with reference to Laurie Latham, Ms. Latham can sue as the administrator of the estate pursuant to Va. Code § 8.01-50(C).

The Defendant concludes that the Plaintiff has failed to state a claim against the defendants for any state constitutional violation and any violation of Coleman Sample's right to be free from unreasonable search. Counsel for the Defendants states a legal conclusion that must be determined by the Court and the allegation is insufficient for this pre-trial determination.

### **STATEMENT**

I. The federal claims that arise from Mr. Coleman Sample's death by police fire in Virginia Beach on August 12, 2020 are significant and will be supported by ballistic evidence. The facts that the Defendant alleges in Paragraphs 3 and 4 of the Motion are in dispute.

### **ARGUMENT**

II. In its Motion to Dismiss, Defense Counsel states that the Estate of Coleman Sample is not an entity capable of maintaining this action. However, Laurie Latham is the Administrator of the Estate of Coleman Sample. Ms. Latham is able to act in this capacity to pursue the wrongful death action due to the gross negligence of the Defendants. Counsel for the Defendants also suggests that the Estate of Coleman Sample cannot sue pursuant to Va. Code § 8.01-50(C). Upon further review, Counsel for Plaintiff agrees with this argument as to this party only. However, as previously mentioned, Ms. Latham can sue as the administrator of the estate pursuant to Va. Code § 8.01-50(C). Counsel for

2

      Plaintiff would therefore ask for leave of court to amend its complaint to add the words "Administrator of the Estate of Coleman Sample (Deceased)" after Ms. Latham's name.

III.  Counsel for the Defendants also argues that the Plaintiff has no cause of action under the Virginia Constitution. In the Motion to Dismiss, Counsel for the Defendants states that in order to enforce a private right of action under the Virginia Constitution, the constitutional provision in question must be self-executed and that this would apply to Sample's claim of being seized and subjected to excessive force under Article I § 11 of the Virginia Constitution. This is a matter for the Court to decide based on a review of the applicable cases and laws. Counsel for the Plaintiff prays that the Court would not make a decision in this matter until it is heard, arguments have been made, and the Court has reviewed cases in applicable authority pursuant to a motion hearing.

## CONCLUSION

I.  Plaintiff requests to permit the amendment to the style of the case and to permit oral argument before sustaining any of Defendants' motions to dismiss. For the reasons cited and in the pursuit of justice, Plaintiff prays this Court will deny the Motion to Dismiss with the exception of the Estate of Coleman Sample being a proper party.

Respectfully submitted,

DATE: October 12, 2023

                                              */s/Julie A Currin, Esq.*
                                              Julie A. Currin, Esquire (VSB No. 27780)
                                              Equal Justice Center, PLC
                                              3007 Trail Drive

Henrico, Virginia 23228
Telephone: (804) 672-2099
Email: jcurrinesq@gmail.com

*/s/Alexander L. Taylor, Jr. Esq.*
Alexander L. Taylor, Esquire (VSB No. 29292)
Alex Taylor Law, PLC
1622 West Main Street
Richmond, Virginia 23220
Telephone: (804) 400-9473
Facsimile: (866) 446-6167
Email: alextaylor@alextaylorlaw.com

## Certificate of Service

I hereby certify that on this 12th day of October 2023, a true and accurate copy was filed electronically with the Clerk of the Court and served electronically using the CM/ECF upon all attorneys of record registered with the Court's CM/ECF system, makes service on all parties so entitled:

Christopher P. Bernhardt (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 371-0977
Facsimile: (804) 371-2087
Email: cbernhardt@oag.state.va.us

R. Cooper Vaughan (VSB No. 92580)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-5315
Facsimile: (804) 371-2087
Email: CVaughan@oag.state.va.us

Julie A. Currin, Esquire (VSB No. 27780)

4

Equal Justice Center, PLC
3007 Trail Drive
Henrico, Virginia 23228
Telephone: (804) 672-2099
Email: jcurrinesq@gmail.com

Alexander L. Taylor, Esquire (VSB No. 29292)
Alex Taylor Law, PLC
1622 West Main Street
Richmond, Virginia 23220
Telephone: (804) 400-9473
Facsimile: (866) 446-6167
Email: alextaylor@alextaylorlaw.com